**H. Fort FLOWERS, as Co-trustee under the Will of Fannie Sneath Niles, deceased; and Commercial National Bank of Tiffin, Ohio, as Co-trustee under the Will of Fannie Sneath Niles, deceased, Plaintiffs,**

v.

**SNEATH GLASS CO., the Indiana Glass Co. and the Indiana National Bank, Defendants.**

Civ. No. 1117.

United States District Court
N. D. Indiana,
Ft. Wayne Division.

Jan. 17, 1961.

Rothberg, Gallmeyer & Strutz, Ft. Wayne, Ind., Buschmann, Krieg, DeVault & Alexander, Indianapolis, Ind., for plaintiffs.

Shoaff, Keegan & Baird, Ft. Wayne, Ind., for defendants.

GRANT, District Judge.

There are presently pending before the Court in the above-entitled action plaintiffs' Motion for Production, Inspection and Copying of Documents, and defendants' Motion for Summary Judgment, filed subsequent to the above named Motion of the plaintiffs.

As respects the Motion for Production, two hearings were held, each being concluded by providing the plaintiffs with an additional period of time within which to make a showing of good cause in support of their Motion. On both occasions plaintiffs did file additional memorandum and an affidavit of H. H. Crimmel, formerly employed by the defendant, Sneath Glass Co., and at one time Vice-President of said Company.

Defendants' Motion for Summary Judgment, having been heard and fully briefed by both parties, is awaiting decision by the Court.

Briefly, this is an action brought by the plaintiffs on behalf of themselves and for the benefit of and on behalf of the

defendant, the Sneath Glass Co., and all other stockholders of the Sneath Glass Co., who may be similarly situated.

The Complaint alleges that the defendant, The Indiana Glass Co., acquired 19,-150 shares of the 20,000 shares of stock of the Sneath Glass Co., in 1952, and, as a result of wrongful and negligent management, "caused the monies, property and effects of said defendant, Sneath Glass Co., to be wasted and squandered and diverted valuable properties of the said company to their own use. * * * " Further, that the Indiana Glass Co., caused Sneath Glass Co., to change the nature of its business so as to manufacture items for the benefit of The Indiana Glass Co., thus forcing losses upon Sneath Glass Co., which should have been borne by The Indiana Glass Co.

The Complaint also alleges that all the fixed assets of Sneath Glass Co., were mortgaged to The Indiana National Bank to secure the joint obligation of both Sneath Glass Co., and The Indiana Glass Co., the same having been done without the calling of a meeting of the shareholders of Sneath Glass Co., for that purpose as required by the laws of the State of Indiana.

What items the plaintiffs wish produced under their Motion will be discussed later. Suffice it to say for the present that the Motion seeks to have produced a very comprehensive list of records of both the Indiana Glass Co., and the Sneath Glass Co., ranging from the Stock Record Books through Production and Shipping Records, Sales Brochures and Price Lists. It also seeks certain documents from the defendant, The Indiana National Bank of Indianapolis, relating to the loan giving rise to the mortgage in question.

Whether or not the plaintiffs have succeeded in establishing the good cause necessary to entitle them to the relief prayed for in their Motion to Produce, independently of the existence of the defendants' Motion for Summary Judgment, need not be determined here and now. The Court, after careful consideration and study, feels that the presence of defendants' Motion for Summary Judgment, supported as it is by the affidavit of John J. Gerlach, a secretary and director of both Sneath and Indiana Glass, which affidavit is based in large measure on the books and records of both Sneath and Indiana Glass, entitles the plaintiffs to production of certain of the documents requested, as more fully set forth below. To deny the plaintiffs the right to inspect and copy certain of the documents requested, while at the same time permitting the defendants to support a Motion for Summary Judgment in great part by reference to these same records, clearly presents an inequitable situation from the standpoint of the plaintiffs. Whether or not there is an issue of fact remaining to be tried in this cause can only be determined by reference to the books and records of the defendants. To accept the defendants' version of what is contained and revealed by these records without permitting the plaintiffs to have access to these same records so as to determine the accuracy of defendants' interpretation thereof would, in a great many stockholders' actions like the instant case, effectively prevent plaintiffs from obtaining the redress to which they might otherwise be entitled.

Professor Moore in Volume 6 of his treatise on Federal Practice at page 2264 (pp. 56.17) discusses the Summary Judgment procedure as it relates to stockholders' actions. He states:

"Actions by stockholders, in general, fall into two categories: one by a stockholder to enforce a primary right against the corporation; the other, a derivative action, by a stockholder to enforce a secondary right that arises out of the corporation's failure to enforce its primary right against third persons, usually corporate officers and directors who quite often are still in control of the corporation, for a wrong committed or threatened by them against the corporation.[1] As we shall see, the general basic principles underlying, the summary judgment procedure [2]

rule the grant or denial of summary judgment in any type of stockholder's action, although the procedure has been most often invoked in actions falling in the second category —the derivative stockholder's suit. In applying the basic principles the factor of access to proof must, however, be seriously considered in ruling on a defendant's motion for summary judgment,[3] particularly in an action of the second type where plaintiff's proof must come mainly from sources largely within the control of the defendants and from the mouths of the alleged wrongdoers.

"[1] PP. 56.01(1), 56.05(1), supra. See 56.15(1), supra.

"[2] PP. 56.07, 56.08, supra; 56.15 (1), supra.

"[3] See also PP. 56.15(5), supra."

The case of Toebelman et al. v. Missouri-Kansas Pipe Line Co. et al., 3 Cir., 1942, 130 F.2d 1016, 1022, a decision involving a stockholder's derivative suit, is in point here. In that case the defendants filed a Motion for Summary Judgment which was followed by a Motion to Inspect Certain Documents on behalf of the plaintiffs. The Court held:

"We accordingly conclude that the district court erred in entering summary judgment for the defendants as to the accounting cause of action. The case must, therefore, go back for further proceedings as to this cause of action in order to afford the plaintiffs an opportunity to produce evidence of the facts necessary to support the relief for which they ask. It is obvious that this evidence must come largely from the defendants. This case illustrates the danger of founding a judgment in favor of one party upon his own version of facts within his sole knowledge as set forth in affidavits prepared ex parte. Cross-examination of the party and a reasonable examination of his records by the other party frequently bring forth further facts which place a very different light upon the pic-

ture. The plaintiffs should, therefore, be given a reasonable opportunity, under proper safeguards, to take the depositions and have the discovery which they seek. Under this procedure all the issues involved in the accounting cause of action will be open for further proof and determination."

The Court hereby grants plaintiffs' Motion for Production, Inspection and Copying of Documents as to certain items thereof. For the purposes of clarity each specific document or group of documents requested will be set forth below, accompanied by the Court's ruling thereon.

Records and Documents of Sneath Glass Co.

1. Stock Record Book of Sneath Glass Co.......Granted for the period January 1, 1951 through January 12, 1959, inclusive.

2. Financial Records of Sneath Glass Co. from 1946 until 1959......Denied as being too broad and because the documents are not sufficiently identified.

3. Minute Book of Sneath Glass Co., Minutes of Directors and Stockholders meetings Granted for the same period as in No. 1 above.

4. Contracts between Sneath Glass Co. and Indiana Glass Co. prior to acquisition and after 1946–1959.... Granted as Requested.

   Contracts with Customers—Granted for the same period as in No. 1 above.

5. All employment contracts of Sneath Glass Co.—Granted for the same period as in No. 1 above.

6. Production records from Sneath Glass Co. Granted for the same period as in No. 1 above.

7. All papers and correspondence incident to loan made by Indiana National Bank, Granted as requested

8. Shipping records from Sneath Glass Co. Granted for the same period as in No. 1 above.

668

9. Sales Brochures, catalogues, price lists for Sneath Glass Co. Granted for the same period as in No. 1 above.

10. Customer lists—Granted for the same period as in No. 1 above.

11. Notice of Directors' and Stockholders' meetings of Sneath Glass Co. from 1950 until 1959 Granted as requested.

### Books and Records of the Indiana Glass Co.

1. Financial records from 1946 until 1959 Denied for the reason that the request is too broad and the documents are not sufficiently identified.

2. Minute Book—minutes of directors' and stockholders' meetings—Granted for the period from January 1, 1951 through January 12, 1959, inclusive.

3. Contracts between Sneath Glass Co. and Indiana Glass Co. prior to acquisition and after 1946–1959—Granted as requested.

Contracts with customers—Granted for the same period as in No. 2 above.

4. Production records—Denied without prejudice to the right of the plaintiffs to file a further motion requesting certain specific portions thereof without a showing of good cause as to the need therefor.

5. All papers and correspondence incident to loan made by Indiana National Bank-Granted as requested.

6. Shipping records—Denied with the same provision as in No. 4 above.

7. Sales brochures, catalogues, price lists of Indiana Glass Co. Granted for the same period as in No. 2 above.

8. Customer lists—Denied—with the same provision as in No. 4 above.

### Indiana National Bank of Indianapolis

1. Loan application to Indiana National Bank, Granted as requested.

2. All papers and correspondence incident to loan made by Indiana National Bank, Granted as requested.

No action will be taken on defendants' Motion for Summary Judgment at this time.

Upon completion of plaintiffs' inspection and copying and other related discovery, they will be permitted to file additional memorandum and/or affidavits in opposition to defendants' Motion for Summary Judgment. The necessary inspection and copying contemplated by this Order is to be accomplished at the convenience of the respective parties at a time determined by them. Should they be unable to so agree on a date and place, a petition will be entertained by this Court and the necessary arrangements will be ordered made as the Court shall determine.